SALTSER & WEINSIER, INC., Appellant, *v.* JOSEPH D. MCGOLDRICK, as Comptroller of the City of New York, et al., Respondents.

Argued June 4, 1946; decided July 23, 1946.

500

*Adolph Feldblum* and *Samuel J. Sussman* for appellant.
I. This action is not barred by the " exclusive remedy " pro-
vision of the Administrative Code (§ N41–10.0). (*Richfield
Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234; *Matter of Holmes
Electric Protective Co.* v. *McGoldrick,* 262 App. Div. 514, 288
N. Y. 635; *Dun & Bradstreet, Inc.,* v. *City of New York,* 276
N. Y. 198.) II. The provision giving the comptroller the right
to redetermine is not retroactive in effect, and the comptroller

is therefore without power to make a new determination. (*Jacobus* v. *Colgate,* 217 N. Y. 235; *Weiler* v. *Dry Dock Savings Institution,* 258 App. Div. 581, 284 N. Y. 630.) III. If the power to redetermine be construed to be operative retroactively, it is in arbitrary violation of plaintiff's vested rights in the nature of a judgment and therefore unconstitutional. (*Germania Savings Bank* v. *Suspension Bridge,* 159 N. Y. 362; *Matter of Pell,* 171 N. Y. 48; *People ex rel. American Surety Co.* v. *Campbell,* 64 Hun 417; *People ex rel. Spencerian Pen Co.* v. *Kelsey,* 105 App. Div. 132; *People ex rel. Buffalo & L. E. Traction Co.* v. *Woodbury,* 144 App. Div. 812, 203 N. Y. 565; *Graham & Foster* v. *Goodcell,* 282 U. S. 409; *People ex rel. Beck* v. *Graves,* 280 N. Y. 405.)

*John J. Bennett, Corporation Counsel* (*Isaac C. Donner, Leroy Mandle, Ira Wollison* and *Harry Katz* of counsel), for respondents. I. The comptroller was authorized to revise and redetermine taxpayer's liability for the city sales tax, and on the facts uncovered by the comptroller's special investigation bureau indicating that the taxpayer had not discharged its true tax liability, the comptroller was justified in, and had a duty of making such revision and redetermination. (*Illinois Cent. R. R. Co.* v. *Minnesota,* 309 U. S. 157; *Florida Central & Peninsular R. R. Co.* v. *Reynolds,* 183 U. S. 471; *Graham & Foster* v. *Goodcell,* 282 U. S. 409; *Western New York & Penn. Ry. Co.* v. *City of Buffalo,* 176 Misc. 350, 264 App. Div. 832, 290 N. Y. 702.) II. This action whether regarded as one for an injunction or for declaratory judgment cannot be maintained in view of the express language of the exclusive remedies provision of the city sales tax law barring all forms of procedure other than those provided by statute, and specifically prohibiting such actions except upon compliance with stated conditions precedent not here met or claimed by appellant to have been met. (*Olive Coat Co., Inc.,* v. *City of New York,* 283 N. Y. 733; *Matter of Western Electric Co.* v. *Taylor,* 276 N. Y. 309; *Matter of City of New York [801–815 E. New York Ave.],* 290 N. Y. 236; *Phillips* v. *Commissioner,* 283 U. S. 589; *Lewis* v. *City of Lockport,* 276 N. Y. 336; *New York Rapid Transit Corp.* v. *City of New York,* 275 N. Y. 258; *Oak Hill Country Club* v. *Town of Pittsford,* 264 N. Y. 133.) III. This is not an action

for declaratory judgment, but one for an injunction against the comptroller to restrain him from revoking his prior determinations of tax liability against the plaintiff. This action must be dismissed because: (1) the complaint is fatally defective in that it fails to allege that plaintiff will suffer, or is threatened with, irreparable injury, and because on the record it appears that plaintiff is in fact not so threatened; and (2) plaintiff has another adequate remedy for the protection of its rights and for the relief sought in this action, which it had invoked before the commencement of this action. (*Postal Tel. Cable Co.* v. *Grant,* 58 Hun 603; *Rome, Watertown & O. R. R. Co.* v. *Smith,* 39 Hun 332, 101 N. Y. 684; *Juran* v. *Title Guaranty & Trust Co.,* 151 Misc. 631, 243 App. Div. 695; *Frey & Son, Inc.,* v. *Sherburne Co.,* 193 App. Div. 849; *D. & H. C. Co.* v. *Atkins,* 121 N. Y. 246; *Gorham Mfg. Co.* v. *State Tax Commission,* 266 U. S. 265; *Hegeman Farms Corp.* v. *Baldwin,* 293 U. S. 163; *Dairy Sealed, Inc.,* v. *Ten Eyck,* 248 App. Div. 352; *Domanick* v. *Triboro Coach Corp.,* 259 App. Div. 657.)

LEWIS, J. Was the Comptroller of the City of New York empowered in December, 1943, to revoke determinations of deficiencies in the payment of local sales taxes made against the plaintiff taxpayer for three prior tax periods ending respectively on December 31st of 1935, 1936 and 1937, and thereupon to redetermine sales tax deficiencies for those prior tax periods at sums in excess of amounts fixed by the determinations thus revoked?

That question emerges as the decisive issue in this action in equity which arose in the following circumstances: The plaintiff corporation was engaged in the sale of plumbing supplies and related specialties in New York City between December 10, 1934, and December 31, 1937. Upon sales made between those dates the plaintiff was required by local law to collect sales taxes and to pay the same to the city. (Local Laws, 1934, Nos. 20 [published as No. 21], 25 of City of New York; 1935, No. 29 of City of New York; 1936, No. 31 of City of New York; 1937, No. 20 of City of New York.) The plaintiff filed sales tax returns for the three tax periods — December 10, 1934, to December 31, 1935, and the full years 1936 and 1937 — and paid the amounts due under those returns. Thereafter, following an audit by the

city's Department of Finance of plaintiff's books and records for each of the three tax periods the deputy comptroller sent to the plaintiff a notice of the comptroller's determination that there was due a deficiency of sales taxes collected for each of the three tax periods respectively as follows — $13,934.79, $6,292.81 and $8,250.22. Each of those notices contained the following clause which varied only in inconsequential details and was phrased as required by section 7 (formerly § 6 in Local Law No. 21 of 1934) of Local Laws Nos. 21 and 25 of City of New York, 1934; No. 29, 1935; No. 31, 1936 and No. 20, 1937 — " Notice is hereby given that this determination shall finally and irrevocably fix the amount of tax due unless application in writing is made by you for a hearing thereon within thirty days after date hereof." Upon receipt of each notice the plaintiff paid the amount claimed by the comptroller to be due. Thereafter, on December 4, 1943, the taxpayer received a written notice that the comptroller had revoked the three determinations of sales tax deficiencies, the latest of which was made more than five years prior thereto, and had made redeterminations of such deficiencies upon which demand was made for additional taxes including penalties and interest, amounting in all to $37,351.68.

Meantime — during the years which intervened between the dates of payment of the three deficiency assessments and December 3, 1943, when the comptroller purported to revoke such determinations — the plaintiff had complied with the requirement of applicable local sales tax laws that its records of receipts from sales and of the sales tax payable thereon " shall be preserved for a period of three years, except that the comptroller may consent to their destruction within that period or may require that they be kept longer." (Local Laws, 1934, No. 25 of City of New York, § 4; 1935, No. 29 of City of New York, § 4; 1936, No. 31 of City of New York, § 4; 1937, No. 20 of City of New York, § 4.) In that connection we must accept the facts pleaded by the plaintiff that during the period commencing December 10, 1934, and ending December 31, 1937, it sold millions of dollars worth of merchandise each year; that orders, invoices, records and similar data relating to several hundred thousand items and composing great physical bulk were accumulated each year in connection with the taxpayer's business; that the

comptroller did not require the plaintiff to preserve for more than three years its records of sales for the tax periods here involved — December 10, 1934, to December 31, 1937 — and, accordingly, that such records and data were destroyed by the plaintiff at the end of each three-year period, thus depriving itself of evidence to establish its contention in this case that all sales taxes due for the tax periods in question have been paid to the City of New York.

Asserting that the comptroller was without authority in 1943 to revoke the determinations of deficiencies made for the three tax periods mentioned above — the latest of which ended December 31, 1937 — and that the comptroller was without authority to redetermine such prior deficiencies, the plaintiff instituted the present suit to restrain such action by the comptroller, *pendente lite* and permanently, and to obtain a declaratory judgment that the purported revocation by the comptroller in 1943 of his prior determinations of deficiencies was invalid.

At Special Term the plaintiff's motion for a temporary injunction was denied and a cross motion by the defendants was granted dismissing the complaint for lack of the court's jurisdiction of the subject matter of the action. At the Appellate Division the order denying a temporary injunction and the judgment dismissing the complaint were unanimously affirmed. The opinion by the Appellate Division informs us that — although contrary to the view of Special Term it held that the challenge to the power of the comptroller to redetermine tax deficiencies made the present action appropriate and available to the taxpayer — the court ruled that the dismissal of the complaint by Special Term was correct on the merits. The present appeal by the plaintiff is by our leave.

We agree with the disposition of the case by the Appellate Division insofar as it held, contrary to the ruling at Special Term, that the remedy by action chosen by the plaintiff was available to it as a means of challenging the authority of the comptroller to redetermine sales tax deficiencies. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198, 206; *Richfield Oil Corp.* v. *City of Syracuse*, 287 N. Y. 234, 239.) We are not in accord with the ruling by the Appellate Division that the judgment entered upon the order at Special Term was correct on the merits.

In support of the right asserted by the comptroller to *redetermine* on December 3, 1943, the sales tax deficiencies which he had previously determined for tax periods in 1934–1935, 1936 and 1937, the defendants point to language found in local laws effective when the original deficiency assessments were made. (Local Laws 1934, Nos. 20 [published as No. 21], 25 of City of New York; 1935, No. 29 of City of New York; 1936, No. 31 of City of New York; 1937, No. 20 of City of New York.) Each of those local laws empowered the comptroller " to assess, revise, readjust and impose the taxes authorized to be imposed under this local law ". We find in the language last quoted above no indication of a clear legislative purpose to grant to the comptroller the retroactive power which he has exercised in the present case by redetermining in 1943 sales tax deficiencies which he had determined more than five years prior thereto. " A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration. A power not expressly granted by statute is implied only where it is ' so essential to the exercise of some power expressly conferred as plainly to appear to have been within the intention of the legislature. The implied power must be necessary, not merely convenient, and the intention of the legislature must be free from doubt.' (*Peo. ex rel. City of Olean* v. *W. N. Y. & P. T. Co.*, 214 N. Y. 526, 529.) " (*Lawrence Constr. Corp.* v. *State of New York*, 293 N. Y. 634, 639.)

In an effort to find legislative sanction for the comptroller's action here challenged the defendants point to section N41–7.0 of the Administrative Code of the City of New York, as amended by Local Laws, 1943, No. 18 of the City of New York which provides in part: " DETERMINATION OF TAX. *If a return required by this title* [i.e., Title N, in effect since July 1, 1938] *or by articles seventeen to twenty, inclusive, of title E* [i.e., the sales tax laws in effect from December 10, 1934, up to June 30, 1938] *of chapter forty-one of the code is not filed, or if a return when filed is incorrect or insufficient* the amount of tax due shall be determined by the comptroller from such information as may be obtainable   *   *   *. Notice of such determination shall be given to the person liable for the collection and/or payment of

the tax. Such determination shall finally and irrevocably fix the tax unless the vendor or purchaser against whom it is assessed, within thirty days after the giving of notice of such determination, shall apply to the comptroller for a hearing, or shall cause the same to be reviewed by a proceeding under article seventy-eight of the Civil Practice Act, *or unless the comptroller of his own motion shall re-determine the same.* * * * *''*. (Italics supplied.)

We do not find in the italicized portions of section N41–7.0 quoted above — upon which the defendants lay special emphasis — that '' clear expression of the legislative purpose '' which is required to sanction the exercise retroactively of the power which the comptroller has assumed in this instance. (*Jacobus* v. *Colgate,* 217 N. Y. 235, 240; *Weiler* v. *Dry Dock Savings Inst.* 258 App. Div. 581, affd. 284 N. Y. 630.) '' It is a settled rule of statutory construction that the provisions of a statute will not be applied retrospectively where they are capable of any other construction unless the intent of the Legislature to the contrary clearly appears ''. (*Waddey* v. *Waddey,* 290 N. Y. 251, 254.) In the present case the language of section N41–7.0 (*id.*), stressed by the defendants as authorizing the comptroller to perform retroactively the acts challenged by the plaintiff, lends itself with reason to the construction that *prospective* action is contemplated and that, with respect to the three tax periods here involved — which fall within the period between December 10, 1934, and June 30, 1938 — the comptroller is authorized to redetermine a deficiency assessment in those instances only where a return is not filed and a determination is made subsequent to the effective date of the 1943 enactment, or a return is filed and a determination for the first time is made subsequent to such effective date. '' A law is never to have retroactive effect, unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only.'' (*N. Y. & Oswego M. R. R. Co.* v. *Van Horn,* 57 N. Y. 473, 477–478.) Guided by that rule we conclude that the language employed in section N41–7.0 (*id.*) does not authorize the retroactive action by the comptroller which is the subject of plaintiff's challenge.

That conclusion is reinforced by other considerations. "A tax law should be interpreted as the ordinary person reading it would interpret it." (Per HUBBS, J. writing in *Howitt v. Street & Smith Publications, Inc.*, 276 N. Y. 345, 351.) When, in connection with each of the three deficiency assessments mentioned above the corporate plaintiff received a formal written notice — phrased to conform with provisions of local sales tax laws then effective — by which it was expressly advised that the deficiency assessment demanded would "finally and irrevocably fix the amount of tax due" unless within thirty days it applied for a hearing thereon, the plaintiff had the right to assume that, by waiving its right to a hearing and by paying the tax deficiency fixed by such notice, it had paid "finally and irrevocably * * the amount of tax due" for the tax period involved. And when three years thereafter, during which time it had kept its "records of receipts and of the tax payable thereon" for "inspection and examination at any time upon demand by the comptroller" without being required by the comptroller to keep them longer — all in conformity with provisions of the local laws then effective — the plaintiff had the right to assume that it could destroy its records of receipts and other data relating to sales in a given tax period without risk of depriving itself of evidence by which it could establish that all sales taxes due to the City of New York for that tax period had been paid. In those circumstances, in the absence of an express legislative declaration that the local law should be given retroactive effect, we cannot ascribe to the local legislative body an intention, by its enactment of Local Laws, 1943, No. 18 of the City of New York, to empower the comptroller to exercise retroactively the authority to redetermine in 1943 those sales tax deficiencies which — according to formal notices to the plaintiff — had been determined "finally and irrevocably" for the three tax periods ending on December 31st of 1935, 1936, and 1937. "It is always legitimate to show that one construction [of a statute] would lead to hardships which another would avoid". (*Jacobus v. Colgate, supra,* pp. 245–246.) In the case at hand there are in the complaint factual allegations which may serve as a legal basis for proof that hardship and injustice will result to the plaintiff if, as the defendants contend, the authority given the comptroller by section

N41-7.0 as amended by Local Laws, 1943, No. 18 of City of New York to redetermine deficiency assessments may be so construed as to permit its exercise retroactively. In construing that local law, in absence of express language which dictates a contrary interpretation, we are not disposed to attribute to the local legislative body of the city of New York an intent to enact a law which when applied to facts such as those alleged by the plaintiff will work hardship and injustice. (*People ex rel. Hannan* v. *Board of Health,* 153 N. Y. 513, 518; *Matter of Hering,* 196 N. Y. 218, 220; *Matter of Meyer,* 209 N. Y. 386, 389.)

The plaintiff — assuming *arguendo* that section N41-7.0 as amended by Local Laws, 1943, No. 18 of City of New York, is construed to operate retroactively — advances the further argument that the enactment would be effective to impair plaintiff's vested rights and accordingly would be unconstitutional. We know that — " A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." (*United States* v. *Jin Fuey Moy,* 241 U. S. 394, 401; *Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259, 267.) We are also aware that legislation which impairs vested rights is unconstitutional. (*Germania Savings Bank* v. *Suspension Bridge,* 159 N. Y. 362, 368-369; *Matter of Pell,* 171 N. Y. 48, 52-53.) Concluding, however, as we do, that neither section N41-7.0 (*id.*) nor the prior local laws upon which the defendants rely empowered the comptroller to make the redetermination in 1943 which is the subject of this action, we deem it unnecessary to consider plaintiff's argument based upon the alleged impairment of its vested rights.

The judgments should be reversed, with costs to the plaintiff in all courts and the action remitted to Special Term for further proceedings not inconsistent with this opinion.

LOUGHRAN, Ch. J., CONWAY, DESMOND and FULD, JJ., concur; THACHER and DYE, JJ., taking no part.

Judgments reversed, etc.