WESTERN NEW YORK & PENNSYLVANIA RAILWAY COMPANY et al.,
Respondents, *v.* CITY OF BUFFALO, Appellant.

Argued November 20, 1946; decided January 9, 1947.

94

*Fred C. Maloney, Corporation Counsel* (*Wortley B. Paul* and *Gerald J. Shields* of counsel), for appellant. I. The contracts sought to be given force were not made by, or executed by, the City of Buffalo. The claim of liability against the city arises from separate clauses contained in each of these contracts, which were executed by the grade crossing commission, a body created by the Legislature, and which body purported to insert these clauses requiring, as plaintiffs claim, a perpetual obligation for repair and maintenance on the defendant's part. II. The power and authority given by chapter 345 of the Laws of 1888 contained no authority for this commission to impose a liability for maintenance and repair of the structures when completed. Being a delegation of power from the

Legislature its powers are strictly limited to those expressly granted and delegated. (*Matter of N. Y. C. & H. R. R. R. Co.,* 200 N. Y. 121; *Lehigh Valley Ry. Co.* v. *Adam,* 176 N. Y. 420.) III. It must be presumed that this commission legally and actually did apportion such cost between the railroad, in each instance, and the city and that the proportion, directed to be paid by the city, was its full complete, entire and actual cost of the original structure and improvement which the city was ordered to and did pay. (*Matter of Webster* v. *Purcell,* 106 App. Div. 360, 186 N. Y. 549; *Remington* v. *State of New York,* 116 App. Div. 522; *Matter of Rogers,* 188 App. Div. 813.) IV. Rules of law relating to the ordinary case of impairment of contract, do not apply to a case, like the instant one, where the action complained of is taken pursuant to a valid exercise of the reserved power in the Legislature. (*Faitoute Co.* v. *Asbury Park,* 316 U. S. 502; *Chicago B. & Q. R. R. Co.* v. *Nebraska,* 170 U. S. 57; *Northern Pacific Railway* v. *Duluth,* 208 U. S. 583; *Wabash Railroad Co.* v. *Defiance,* 167 U. S. 88; *Louisville & Nashville R. R.* v. *Mottley,* 219 U. S. 467; *Atlantic Coast Line* v. *Goldsboro,* 232 U. S. 548; *Rail Coal Co.* v. *Ohio Industrial Comm.,* 236 U. S. 338; *Denver & Rio Grande R. R. Co.* v. *Denver,* 250 U. S. 241; *Grand Trunk Ry.* v. *Indiana R. R. Comm.,* 221 U. S. 400; *Preston Co.* v. *Funkhouser,* 261 N. Y. 140.) V. Since the Legislature acted under its reserved power it could, and did, place the obligation on plaintiffs to maintain and repair for the period prior to the amendment of 1937. (*Chicago, Milwaukee & St. Paul Ry.* v. *Minneapolis,* 232 U. S. 430; *Erie R. R. Co.* v. *Public Utilities Commrs.,* 254 U. S. 394; *Atlantic Coast Line* v. *Goldsboro,* 232 U. S. 548; *Chicago & Alton R. R.* v. *Tranbarger,* 238 U. S. 67; *Cincinnati, I. & W. Ry.* v. *Connersville,* 218 U. S. 336; *Great Northern Ry. Co.* v. *Clara City,* 246 U. S. 434; *Lake Shore & Mich. So. Ry. Co.* v. *Clough,* 242 U. S. 375; *N. Y., N. E. R. R. Co.* v. *Bristol,* 151 U. S. 556; *Albany Northern R. R. Co.* v. *Brownell,* 24 N. Y. 345; *Missouri Pacific Ry.* v. *Omaha,* 235 U. S. 121.) VI. There is no question here of any retroactive effect or operation of the amendment to the Railroad Law in 1937. (*City of Yonkers* v. *N. Y. C. & H. R. R. R. Co.,* 165 N. Y. 142; *Matter of Morse* [*Bank of America*], 247 N. Y. 290; *Matter of Wentworth,* 230 N. Y. 176; *People ex rel. Durham R. Corp.* v. *La Fetra,* 230

N. Y. 429; *Matter of Mount Sinai Hospital,* 250 N. Y. 103; *Matter of Village of Mamaroneck* v. *Public Service Comm.,* 208 App. Div. 330, 238 N. Y. 588.) VII. The enactment of chapter 889 of the Laws of 1937 was an act, taken by the Legislature, pursuant to the reserved power of that body to legislate on subjects involving the welfare and safety of the citizens of the State and placed upon plaintiffs the obligation, as to the future, to maintain and repair all existing bridges and viaducts in the City of Buffalo, irrespective of the existing contracts. (*Matter of International Ry. Co.* v. *P. S. Comm.,* 226 N. Y. 474; *Leach* v. *Auwell,* 154 App. Div. 170; *Stack* v. *City of Brooklyn,* 150 N. Y. 335; *Gerry* v. *Volger,* 252 App. Div. 217; *Matter of City of New York* v. *New York Central R. R. Co.,* 168 App. Div. 6, 216 N. Y. 722.)

*Harold J. Adams, Louis L. Babcock* and *William G. Conable* for respondents. I. The contention of the City of Buffalo, that it has been relieved of the obligations of its contracts of 1896 to repair and maintain the existing South Park Avenue structure, is based upon an erroneous conception of the effect of the amendment of 1937 to section 99 of the Railroad Law. (*Matter of Ward* v. *Erie R. R. Co.,* 87 Misc. 365, 167 App. Div. 950, 215 N. Y. 629; *Matter of Hamlin,* 226 N. Y. 407; *Worthen Co.* v. *Kavanaugh,* 295 U. S. 56; *Shielcrawt* v. *Moffett,* 294 N. Y. 180; *Orinoco Realty Co.* v. *Bandler,* 197 App. Div. 693, 233 N. Y. 24; *Davidge* v. *Common Council,* 62 App. Div. 525; *City of Yonkers* v. *Yonkers R. R. Co.,* 169 Misc. 102, 257 App. Div. 964, 282 N. Y. 783; *People ex rel. Simon* v. *Bradley,* 207 N. Y. 592.) II. The City of Buffalo by its own practical construction of the contracts is precluded from now repudiating its obligations under the contracts of 1896 to maintain and repair the bridges. (*City of New York* v. *Union Ry. Co.,* 206 App. Div. 472, 238 N. Y. 571; *Louisville* v. *Cumberland Telephone Co.,* 224 U. S. 649; *Woolsey* v. *Funke,* 121 N. Y. 87; *Nicoll* v. *Sands,* 131 N. Y. 19; *Lord* v. *Endicott Johnson Corp.,* 231 App. Div. 1.) III. A construction of the amendment of 1937 to section 99 of the Railroad Law which would ignore the contracts of 1896 would be an impairment by the State of the obligation of the contracts of 1896. (*Indiana ex rel. Anderson* v. *Brand,* 303 U. S. 95; *Dodge* v. *Board of Education,* 302 U. S. 74; *Weiler* v. *Dry Dock Savings*

*Institution,* 258 App. Div. 581, 284 N. Y. 630; *Carder Realty Corp.* v. *State of New York,* 260 App. Div. 459, 285 N. Y. 803; *Grand Trunk Western Ry.* v. *South Bend,* 227 U. S. 544; *People ex rel. Equitable Life Assur. Society* v. *Pierce,* 104 Misc. 343, 187 App. Div. 437, 229 N. Y. 514.) IV. An interpretation of the statute of 1937 which would ignore the contracts of 1896 would deprive the plaintiffs of their property without due process of law. (*Matter of New York, O. & W. Ry. Co.,* 44 App. Div. 664, 271 N. Y. 567.)

*Per Curiam.* The validity of the agreements whereby appellant City of Buffalo undertook to bear the expense of repairing the structures here involved can not be questioned. (*Matter of Ward* v. *Erie R. R. Co.,* 215 N. Y. 629.) In the light of the settled principle that a statute will not — in the absence of an unequivocal expression of such legislative intent — be given retrospective effect so as to interfere with antecedent rights (*Hastings* v. *Byllesby & Co.* [*Granbery*], 293 N. Y. 413, 419; see, also, *Shielcrawt* v. *Moffett,* 294 N. Y. 180, 189; *Jacobus* v. *Colgate,* 217 N. Y. 235, 240), the 1937 amendment (L. 1937, ch. 889) can not be construed as affecting plaintiffs' rights — and defendant's correlative duty — which had accrued many years before. In short, we decide that the Legislature did not disclose an intent that the statute should apply to contracts previously made. We consider no other question.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgment affirmed.