MARCEL ROPELEWSKI, Landlord, *v.* JULIA BIELICKI, Tenant.

City Court of Albany, May 10, 1950.

*Anthony T. Pitkiewicz* for landlord.

*Arthur J. Harvey* and *Harvey M. Lifset* for tenant.

*Nathaniel L. Goldstein, Attorney-General (John C. Crary, Jr.,* of counsel), for Temporary State Housing Rent Commission.

HERZOG, J. (orally). I shall state briefly the facts for the benefit of the attorneys who are here: In an eviction proceeding, entitled " MARCEL ROPELEWSKI, Landlord, against JULIA BIE-LICKI, Tenant ", a final order was granted by this court on November 23, 1949, on stipulation of the attorneys and the parties. Pursuant to section 1435 of the Civil Practice Act and the stipulation, issuance of the warrant was stayed until April 30th of this year. You note that this is some five months and one week from the date of the final order. I may say that there are a number of other cases pending in this court where final orders were granted, not only after trial, but also after stipulation of attorneys, where issuance of the warrant was stayed until after May 1st.

On May 1, chapter 250 of the Laws of 1950 became effective and superseded the Federal statute. The question that has arisen now is caused by the language used in section 51 of the Rent Regulations of the Temporary State Housing Rent Commission, and particularly subdivision 4, which provides: " No tenant shall be removed or evicted in any action or proceeding pending on May 1, 1950, except after compliance with the requirements of these regulations. A proceeding or action to evict is deemed to be pending if a warrant of eviction was not executed therein on or before May 1, 1950."

These regulations then prescribe certain requirements, such as notices and certificates, with which there must be a compliance before a tenant can be removed. Of course, no certificate could have been issued under the State law prior to May

1, 1950. In accordance with the regulations, the marshal has stayed the execution of all warrants in this court, except in nonpayment of rent cases, since May 1, 1950.

An order to show cause why the marshal should not be required to execute the warrant, in accordance with the order granted by stipulation on November 23, 1949, was returnable on May 4, 1950. This was adjourned until today for further argument and briefs.

The first question that arises is that section 7 of the Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) provides for what might be termed an " exclusive " remedy and procedure when the regulations of the commission are questioned. The difficulty is that the time element prescribed by this procedure could make the question academic and would cause considerable confusion in the interim. Under section 7, the administrator is given ninety days in which to consider his own regulations. Then, within thirty days, one may proceed under article 78 of the Civil Practice Act in Supreme Court and thereafter await the decision of that court. Thus, there could be a period of some four months before the matter was argued in court. In the meantime, attorneys would be uncertain as to the rights of their clients and many persons would be greatly prejudiced because of this uncertainty. In the interest of substantial justice and in view of the fact that various other sections of the act do intimate that this court would have jurisdiction in such a proceeding, I am going to entertain the motion and rule on it specifically. For example subdivision 4 of section 10 provides that: " In any action or proceeding wherein a party relies for ground of relief or defense upon this act or any regulation, order, or requirement thereunder, the court having jurisdiction of such action or proceeding shall certify such fact to the commission. The commission may intervene in any such action or proceeding." That was done in this proceeding — the order to show cause having been served upon the administrator.

This motion was argued on May 4, 1950, and was again argued this morning. In view of the fact that I have been besieged with telephone calls from attorneys regarding this question, and since a definite ruling must be made as there are some fifty to one hundred cases pending in this court at this time, where final orders were given and the issuance of the warrant stayed, I feel the question necessitates a definite opinion now. That is the reason for this verbal opinion.

In the first place we must determine whether the act is constitutional or not. I think it would be presumptuous on my part, as one who sits here in daily toil and turmoil in these proceedings, to say there is no longer a housing shortage, or that the Legislature had acted unwisely or beyond its powers. Thus, I hold the act is constitutional (*People ex rel. Durham Realty Corp.* v. *La Fetra*, 230 N. Y. 429, writ of error dismissed, 257 U. S. 665, decided under the so-called " September Laws " of 1920 [L. 1920, ch. 942–953]).

The next question that arises from this is, if the statute is constitutional, then may it stay pending proceedings and even the execution of a warrant, after a final order has been granted? The answer to this is certain, and, in fact, I think both counsel have stipulated it. Under *Matter of Tartaglia* v. *McLaughlin* (297 N. Y. 419) and *Whitmarsh* v. *Farnell* (298 N. Y. 336) there can be no question but that the Legislature has the power — strange as it may seem to some attorneys — to cut off rights granted by a final order, until the warrant is actually executed. This has been firmly established by these two cases. The reason is that, acting under the police power, the Legislature has a right to deprive persons, without due process of law, of rights, and to impair the obligation of contracts whether such rights are obtained under final order or by stipulation or by agreement. There is the additional fact that summary proceedings are purely a creature of statute and, therefore, the rights granted in such statutes can be taken away at any time.

That brings us to the main question at issue here. The statute says (§ 12), that " No * * * proceeding to recover possession of any housing accommodation * * * shall be maintainable. * * * "; the regulations say that, " No tenant shall be removed or evicted * * *." If the regulation is not in furtherance of the act or to effectuate its purposes, it is invalid. I might say that the Legislature, all through this statute, has provided in language similar to this, that: " The commission may from time to time to effectuate the purposes of this act adopt, promulgate, amend or rescind such rules, regulations or orders as it may deem necessary * * *." (Residential Rent Law, § 12, subd. 1, par [h].) There are about five different sections that authorize the commission to make such regulations as will effectuate the purposes of this act. Now, if the language, " No * * * proceeding * * * shall be maintainable " authorizes the commission to make a regulation which stays the execution of the warrant in pending proceed-

ings, then the regulation is proper and this motion must be denied.

That question hinges, as has been stated, on the meaning of " shall be maintainable ". To me, the language is broad. I think that when we analyze the statute, it is obvious that the Legislature intended to give all possible benefits to the tenant. It has provided that evictions " shall not be maintainable " and it seems to me that must be construed to apply to all pending summary proceedings. As long as a proceeding is pending, it must be being " maintained ". The Court of Appeals in the *Tartaglia* and *Whitmarsh* cases (*supra*) has stated that such proceedings are pending until the warrant is executed. Thus, it follows that until that time something must be done to maintain the eviction proceeding, and the Legislature has proscribed the maintenance of the proceeding, at least in accordance with regulations of the commission. This holding is strengthened by the case cited by the Attorney-General; where it is held that: " Whether the action is to stay in the State Court depends upon the intention of Congress in using the word ' maintain '. ' To maintain ' means something more than ' to commence '. In *Moore Ice Cream Co.* v. *Rose,* 289 U. S. 373, at page 377, 53 S. Ct. 620, 77 L. Ed. 1265, it is clearly indicated that the word ' maintain ' means ' to continue '." (*Steiner* v. *Pleasantville Constructors, Inc.,* 59 F. Supp. 1011, 1012.)

Therefore, I must hold that the regulation is valid and that the marshal is restrained from executing the warrant until the petitioner-landlord has obtained the necessary certificate from the Temporary State Housing Rent Commission.

I want to say one thing further, that this case and all similar cases will be put on a special reserve calendar. It would appear under the *Whitmarsh* case (*supra*) that all petitions would have to be dismissed. It has been pointed out in the brief of the Attorney-General, speaking for the commission, and it appears apparent from the language of the Legislature and the regulations, that it was not the intention of the regulations to dismiss completely all pending proceedings, but that they may be held on the reserve calendar until the petitioners or the landlords obtain a certificate. The net result of this is, if the landlord can obtain a certificate — and it must be pointed out that many landlords might not be able to obtain one because they must now show an immediate compelling necessity, in addition to desiring the premises for their own personal use and occupancy — the warrant may be executed as soon as the certificate is

obtained and the waiting period previously granted has ended.

By this procedure we may obviate some of the difficulties which appear at first glance, to be caused by the regulations. I think that this coincides with the intention of the Legislature and the administrator. The brief of the Attorney-General is very clear on this and is in accord with my own feeling. I simply want to say it is our hope in this court, that the administrator will take into consideration, under subdivision 2 of section 54 of the regulations, which authorizes him to shorten the time to less than three months, the fact that many tenants have had long stays. This is particularly true in the case at issue here where the tenant received the usual three months' stay from the Housing Expeditor, plus over five months in court. An additional three months' waiting period plus the discretionary power of the court could mean that the landlord would have waited some sixteen months before getting into possession — if ever. In addition we feel that the administrator should consider the fact that certificates have been granted previously by the Housing Expediter. Under section 13 of the act, the State administrator may take over proceedings, which are pending before the Housing Expediter, and in the interest of justice, this should be done.

In conclusion, I would like to say that this holding would make it appear that this court again seems to have rendered a decision which favors the tenant. I would certainly be blind if I did not recognize that our courts have been criticized during these times for apparently favoring the tenants. For this reason, I should like to state that it is the court's duty to interpret the statute and to effectuate its purposes, not to determine the social justice or injustice of the various Housing and Rent Acts, or whether they promote, as they say, " the general welfare ". I feel it is the duty of courts, especially those of lower jurisdiction, to interpret the language of the Legislature as it is written and not to determine the meaning of the statute in the light of our own opinion as to the social injustice or justice of those laws. There can be no question that this law favors the tenant, but in the light of what I have just said, the Legislature intended to do so.

The motion is denied, without costs, and the case placed upon a special reserve calendar. All summary proceedings, where final orders have been granted prior to May 1, 1950, will be placed upon such a calendar. In this manner we can obviate any further stays by this court when the certificate is obtained from the administrator. The marshal is directed to execute the

warrants upon notification of compliance with the regulations and the expiration of the stay. I might say that I have been informed the same procedure has been followed in the city of New York and from now on the same procedure will be in effect in this court.