JOSEPH MEYER, Landlord, *v.* BERTHA ZIMMER, Tenant.

City Court of Rochester, May 17, 1950.

654

*Charles E. Steinberg* for tenant.

*Joseph W. Alaimo* landlord.

WILDER, J. The question raised involves the validity and effect of subdivision 4 of section 51 of the Rent and Eviction Regulations (herein referred to as Regulations) promulgated by the Temporary State Housing Rent Commission and effective May 1, 1950, pursuant to the New York State Residential Rent Law of 1950 (L. 1950, ch. 250; herein referred to as the Act). The subdivision provides: " No tenant shall be removed or evicted in any action or proceeding pending on May 1, 1950, except after compliance with the requirements of these regulations. A proceeding or action to evict is deemed to be pending if a warrant of eviction was not executed therein on or before May 1, 1950."

This proceeding was commenced on April 14, 1950, returnable on April 25th and the parties appeared on the return day and adjourned the same to May 5th when the present motions were made. Heretofore and on January 26, 1950, the local Area Rent Director had issued a certificate authorizing the proceeding, upon application made by the landlord as required by the Federal housing and rent laws and regulations then in force. That certificate, appended to the petition herein, shows that the application therefor was filed December 28, 1949, and the certificate was made effective three months after that date, that is March 28, 1950.

The landlord contests the validity of subdivision 4 of section 51 of the Regulations upon two grounds; (1) that it is a retroactive measure which impairs a vested right, and (2) that such a regulation is not authorized by the Act. The second ground will be first considered.

The landlord's purpose in seeking possession is for the immediate and personal use of the premises by himself. This is shown by the certificate attached to the petition. Paragraphs (f), (g) and (h) of subdivision 1 of section 12 of the Act provide that no proceeding to recover any housing accommodations "shall be maintainable * * * unless: * * * after obtaining a certificate of prior approval therefor from the commission, the landlord seeks" possession upon any of certain enumerated grounds. The ground of owner-occupancy involved here is covered by paragraph (f) which provides that the proceeding shall not lie unless, after obtaining the certificate from the commissioner, "the landlord seeks in good faith to recover possession * * * because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family ".

The landlord's failure to apply to the commission for another certificate is relied upon by the tenant as a ground for dismissing or staying this proceeding. And it should be noted at this point that the requirement as to " immediate and compelling necessity " in the language of the Act last above quoted is a new condition which did not exist in the Federal laws and regulations under which the prior certificate was issued by the Area Rent Director.

The adoption of subdivision 4 of section 51 of the Regulation (set forth above) constitutes a construction of the Act by the commission, as authorizing it to impair a vested right in a pending proceeding. The courts generally accept the construction placed upon a statute by an agency charged with its admin-

istration, if that construction " ' " has warrant in the record " and a reasonable basis in law ' " (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108). This does not mean that the court can hide behind the ruling of the construing agency and blindly follow its lead, and thus escape the duty to interpret the statute, " because, after all   *   *   *,   the court is the final arbiter as to the proper construction " (*Matter of Armitage* v. *Board of Educ. of City of Auburn,* 122 Misc. 586, 591, affd. 210 App. Div. 812, affd. 240 N. Y. 548).

A power not expressly granted by statute is implied only where it is so essential to the exercise of some power expressly conferred, as to indicate that it was within the contemplation of the Legislature. The implied power must be necessary, not merely convenient, and the legislative intent must be free from doubt (*Lawrence Constr. Corp.* v. *State of New York,* 293 N. Y. 634). Another long-established rule of interpretation, pertinent here, is the one declaring that a statute will not be given a retrospective effect unless there is an unequivocal legislative declaration to that effect, or unless the language of the statute is so clear, strong and imperative as to make it clearly apparent that such was the legislative intent (*Saltser & Weinsier* v. *McGoldrick,* 295 N. Y. 499; *Western N. Y. & Pa. R. R. Co.* v. *City of Buffalo,* 296 N. Y. 93; *Matter of Armitage* v. *Board of Educ. of City of Auburn, supra*); and a statute must be construed, where fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score (*Saltser & Weinsier* v. *McGoldrick, supra*).

In the light of the above rules of construction the Act must be examined to determine the intent of the Legislature in investing the commission with powers in relation to eviction proceedings. The last paragraph of subdivision 1 of section 12 of the Act provides: " The commission may from time to time to effectuate the purposes of this act adopt, promulgate, amend or rescind such rules, regulations or orders as it may deem necessary or proper for the control of evictions and it may require that a certificate or approval be obtained from it *prior to the institution of any action or proceeding* for the recovery of possession   *   *   *." (Emphasis supplied.)

Standing by itself, this provision falls far short of containing an unequivocal declaration of intent to confer power to adopt a retroactive regulation impairing vested rights, nor does it contain language so clear, strong and imperative as to make it apparent that such was its intent. For these reasons the provision does not pass the test of *Saltser & Weinsier* v.

*McGoldrick* (*supra*) and the other cases cited with it. In fact, the language of the provision itself expressly negatives any intent that it shall have a retroactive effect, since the power granted is to require a certificate " prior to the institution of any action or proceeding for the recovery of possession ". The power of the commission to require or issue certificates came into being on May 1, 1950, the effective date of the Act, and therefore it can have no application to a proceeding, like the present one, which was instituted before that date.

Another obstacle to the tenant's motions is found in section 13 of the Act, which bears the heading " Pending proceedings ". So far as applicable to matters arising upstate, it provides: " The commission may provide for and authorize the transfer to it of any pending application or proceeding initiated before \* \* \* the office of housing expediter, prior to the time when this act becomes effective."

It is significant that the Legislature confined its grant of power in relation to pending applications and proceedings, strictly to those initiated before the Office of Housing Expediter. It may not be said that there was an intent to extend the powers to proceedings, wherever pending, in which the first preliminary step was taken before the Office of the Housing Expediter. That view would do violence to the rules of construction laid down in *Saltser & Weinsier* v. *McGoldrick* (*supra*) and other cases, since there is no unequivocal declaration of such intent, and no language so strong and imperative as to show any such purpose. The most that may be said for the provision is that it is circuitous and ambiguous.

Under those rules section 13 must be construed to limit the power of the commission with respect to pending applications and proceedings to those pending before the Office of Housing Expediter. In the present proceeding, the Office of Housing Expediter through the Area Rent Director, issued its certificate of consent to this proceeding on January 26, 1950, and the prior application therefore ceased to be " pending " the moment the certificate was issued. There is serious doubt that the commission has any right or power in relation to such an application except where the same was transferred to it pursuant to section 13 and before the Expediter acted and this regardless of whether the court proceeding to remove the tenant was commenced before or after May 1, 1950. Where a landlord, after being subjected to a waiting period of three months by the Expediter, comes to court with a certificate of consent granted and matured prior to May 1, 1950, it seems unjust and unreason-

able to require him to procure a new certificate from a new regime and thus to subject him to the possibility of another enforced waiting period and other requirements, as added conditions to the exercise of a vested right.

Be that as it may, it is sufficient for the purpose of the present motions under the authorities cited, that this proceeding was commenced prior to May 1, 1950, and conformably with the requirements of the Expediter, and that the Legislature has granted the commission no powers in relation to the matter.

Subdivision 4 of section 51 of the Regulations being invalid as an attempt to exercise power not conferred by law, it is unnecessary to pass upon the contentions of the landlord so far as they are based upon constitutional grounds.

The tenant's motions are denied and the case is placed on the Summary Proceeding Calendar for May 23, 1950.