JOSEPH MEYER, Landlord, *v.* BERTHA ZIMMER, Tenant, and JOSEPH D. McGOLDRICK, as Administrator of the Temporary State Housing Rent Commission, Intervener, Defendant.

City Court of Rochester, on reargument, June 22, 1950.

*Charles E. Steinberg* for landlord.

*Joseph W. Alaimo* for tenant.

*Nathaniel L. Goldstein, Attorney-General (Philetus M. Chamberlain* of counsel), for intervener, defendant.

WILDER, J. As shown by the original opinion (197 Misc. 653), this is a summary proceeding commenced prior to May 1, 1950, the effective date of the New York State Residential Rent Law of 1950 (L. 1950, ch. 250), referred to herein as the Act. The tenant moved to dismiss the petition, or to stay the proceeding, for failure of the landlord to procure from the administrator, a certificate authorizing the proceeding in conformity with subdivision 4 of section 51 of the Rent and Eviction Regulations promulgated on May 1, 1950, which provides that no tenant shall be evicted in any action or proceeding " pending on May 1, 1950," except after compliance with the regulations. The proceeding was pending on that date, no order or warrant of eviction having been issued. This court held that the Act conferred no power upon the commission to adopt a retroactive regulation imposing new conditions upon the right to prosecute a pending proceeding. It did not hold that the Legislature could not have properly conferred such power.

Following the denial of the tenant's motion, the State Rent Administrator was granted the right to intervene as a defendant for the purpose of rearguing the motion. By stipulation, the matter has now been submitted without oral argument, upon the papers and the brief filed in behalf of the administrator. So far as the brief is devoted to the matter of " pendency ", it may be passed over since it is beyond question that this proceeding was pending on May 1st and is still pending.

The cases of *Matter of Tartaglia* v. *McLaughlin* (297 N. Y. 419) and *Whitmarsh* v. *Farnell* (298 N. Y. 336) are cited as sustaining the contention that the regulation under discussion was authorized by the Act. But those decisions involved a local law of the City of New York, which, in relation to evictions, expressly declared that it applied to " all pending and future eviction proceedings ". The State Act contains no similar unequivocal provision as required by the rules laid down in the decisions cited in the original opinion upon this motion. Furthermore, if the intent of the Act is to authorize retroactive

measures in relation to evictions, it should be expected to say so as definitely and positively as it does in the last paragraph of subdivision 2 of section 13-a with reference to increased rent. There it is provided unequivocally that no court shall have jurisdiction of any action or proceeding, '' whether instituted prior to or on or after the time when this subdivision takes effect,'' to accord any remedy on account of failure to pay an increase, except as therein specified.

It is further urged that the question here involved may not be raised upon motion, and that the only recourse to the courts is provided by sections 7 and 8 of the Act, authorizing an application to the Supreme Court for a review of the denial of a protest made to the commission. Section 7 expressly confines this procedure to regulations and orders issued under section 4 which relates exclusively to the fixing of '' maximum rents ''. It is true that the first paragraph of subdivision 2 of section 4 authorizes the commission to adopt rules and regulations to effectuate the purposes of the Act, '' including practices relating to recovery of possession '', but the limitation in section 7, if it means anything, confines the procedure of protest and review to orders and regulations germane to the subject matter of section 4, that is, maximum rents. A contrary view might be considered tantamount to ascribing to the Legislature a resort to legerdemain to convert a limited provision into a rule of general application. There would seem to be no obstacle to the determination of the present motion, relating as it does to a regulation concerning evictions under section 12 of the Act.

The brief in behalf of the administrator pointedly quotes from an opinion rendered May 10, 1950, in the City Court of Albany in the case of *Ropelewski* v. *Bielicki* (197 Misc. 882). In dealing with the constitutionality of the Act, Judge HERZOG wrote (p. 885) : '' I think it would be presumptuous on my part   *   *   * to say there is no longer a housing shortage, or that the Legislature had acted unwisely or beyond its powers.''

That statement has no relevancy to the instant case wherein the housing emergency is recognized and the matter of the validity of the Act is not, and has not been, passed upon. But the quotation of it seems to call for the observation that every court, high or low, is a part of the judicial system of the State, a status not yet formally bestowed upon administrative agencies; and that as such, each court has the power and the duty of interpreting statutes and ascertaining legislative intent. That is all that has been done here. It may be further observed that the courts are chary of reaching out for powers not clearly

conferred, and would be unlikely, in a similar situation, to claim for themselves the powers here claimed for the commission.

There seems to be no sound reason for disturbing the original decision denying the motions.