Per Curiam.

In this action to recover sick leave pay, the court below erroneously concluded that it had no jurisdiction of the subject of the action. This holding was predicated on the conclusion that plaintiff’s exclusive remedy was by resort to an article 78 proceeding. Section 16-a of the Rapid Transit Law directs such payments to qualified employees who are unfit for employment as a matter of right and not as a matter of discretion to be exercised by defendant. The statute does not expressly empower defendant to make any binding quasi-judicial or administrative determination with respect to the validity of such claims. No such power may be implied (1 N. Y. Jur., Administrative Law, pp. 325, 326; cf. Saltser & Weinsier v. McGoldrick, 295 N. Y. 499, 506). Accordingly, there is no question for review in an article 78 proceeding (Civ. Prac. Act, § 1296). Plaintiff, therefore, could proceed to enforce his statutory rights by an action at law (Nelson v. Board of Higher Educ. of City of N. Y., 263 App. Div. 144, 147; Austin v. Board of Higher Educ. of City of N. Y., 5 A D 2d 664; cf. Austin v. City of New York, 258 N. Y. 113). Defendant’s contention that it is entitled to summary judgment because plaintiff failed to comply with a condition precedent to the institution of an action by not being at home at the time one of its investigators called thereat, is untenable. The rule, insofar as it purports to create an irrebuttable presumption that plaintiff was not ill, is unauthorized by the statute and is not in harmony therewith (cf. Singer v. McGoldrick, 102 N. Y. S. 2d 665; Whitmarsh v. Farnell, 273 App. Div. 584, 588, revd. on other grounds 298 N.Y. 336).
Plaintiff, however, is not entitled to summary judgment since the facts concerning his alleged illness are exclusively within his knowledge and he is therefore required to prove his case by common-law proof subject to cross-examination (cf. Newman v. Newark Fire Ins. Co., 281 App. Div. 852).
The order denying plaintiff’s motion for summary judgment should be affirmed, without costs. The order granting defendant’s motion for summary judgment and the judgment entered *454 thereon should be unanimously reversed on the law, without costs.
Concur — Pette, Hart and Di Giovanna, JJ.
Order affirmed, etc.
Order reversed, etc.