Dye, J.
(dissenting). This plaintiff-appellant, having failed to commence his action for personal injuries against a third-party wrongdoer within the time limited by section 29 of the Workmen’s Compensation Law, may not have his time extended under the guise of judicial interpretation, nor may the outlawed claim be resurrected by a reassignment nunc pro tunc whether made voluntarily or by order of the court.
*54 The plaintiff has an award for disability benefits under the Workmen’s Compensation Law which has not been set aside or his claim withdrawn. It happens, however, that the award is uncollectible because his employer was uninsured and is now insolvent.
Section 29 of the Workmen’s Compensation Law, by clear and unambiguous language, provides that an employee who, in the course of his employment, sustains injuries by the negligence of a third party need not elect, in advance, whether to take compensation and medical benefits from his employer or to pursue his remedy against the third-party tort-feasor. However, if he takes such compensation benefits and later desires to pursue his remedy against the third-party wrongdoer, such action must be commenced not later than ‘ ‘ six months after the awarding of compensation” and “in any event before the expiration of one year-from the date such action accrues ”.
Here, the plaintiff sustained the injuries complained of on September 2, 1949. He made claim for compensation and medical benefits and received an award under date of September 2, 1950. Notwithstanding that the award was not paid he waited until August 5, 1952 — nearly three years later — to commence suit against the third-party defendant. In his complaint alleging but a single cause of action, the plaintiff recognized that the cause of action, if any, had long since been transferred to his employer by operation of the statute, and that the latter had neglected to pursue the remedies available within the time limited therefor. To surmount this statutory time barrier the plaintiff procured, ex parte, an order of the Supreme Court permitting him to join his employer as a party defendant.
When the third-party defendant pleaded the automatic statutoiy assignment as a complete defense, and that the plaintiff was not the real party in interest, it was met in reply by an alleged oral agreement to reassign and a postdated writing purporting to be a reassignment. This novel and unusual application of an ancient means to correct inadvertent clerical omissions may not be used to circumvent clearly expressed statutory procedures designed to govern the rights of an employee and his employer in relation to a third-party wrongdoer. To give such a manoeuvre effect would, as I see it, amount to a unilateral repeal of the statutory time limitations respecting the com *55 mencement of a third-party action and at the same time change what the Legislature intended to be an absolute assignment into one conditioned on the wishes of the injured employee without regard to time.
We should not assume the function of reading into the statute an exception when its clear and unequivocal language provides what shall happen whenever an employee elects not to pursue his remedy within the time limited therefor. When that occurs the subrogated carrier or employer is free to sue, compromise, abandon or otherwise dispose of the claim for whatever reason, and the employee cannot compel him to litigate it (Taylor v. New York Cent. R. R. Co., 294 N. Y. 397; Skakandy v. State of New York, 298 N. Y. 886; cf. Travelers Ins. Co. v. Brass Goods Mfg. Co., 239 N. Y. 273). Nor may this statutory pronouncement be evaded by either a voluntary reassignment nunc pro tunc, or by one compelled by court order. Section 41 (subd. 1, par. [1]) of the Personal Property Law specifically excepts transfers of any claim to recover damages for a personal injury which but reflects a rule long recognized at common law (General Acc. Fire & Life Assur. Corp. v. Zerbe Constr. Co., 269 N. Y. 227). The Legislature, of course, may enact such laws as seem desirable within its constitutional limitations and they have done so in this instance by providing for the automatic assignment of a third-party claim arising out of injuries sustained during the course of employment, but significantly enough they have not as yet seen fit to condition the absolute effectiveness of such a statutory assignment once the time limitations applicable thereto have applied.
Chapter 527 of the Laws of 1951, amending section 29 of the Workmen’s Compensation Law, may not be construed as having retroactive effect. There can be little doubt as to the Legislature’s intention in this regard, since the Legislature retained the wording of subdivision 2 of section 29 by continuing the automatic assignment provision. This must mean that past statutory assignments continue in full force and effect. So worded, the statutory language contemplates future rather than retrospective applications.
It has long been our rule that the provisions of a statute will not be applied retroactively unless the intent of the Legislature to the contrary appears (Waddey v. Waddey, 290 N. Y. 251; *56 Saltser & Weinsier v. McGoldrick, 295 N. Y. 499; Western N. Y. & Pa. Ry. Co. v. City of Buffalo, 296 N. Y. 93).
For these reasons I dissent and vote to affirm.
Chief Judge Conway and Judges Fuld, Froessel and Burke concur with Judge Desmond ; Judge Dye dissents in an opinion in which Judge Van Voorhis concurs.
Upon reargument: Judgment reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.