ALONZO YERBY, as Commissioner of Hospitals of the City of New York, Plaintiff, v. BETTY GREENBERG et al., Defendants.

Civil Court of the City of New York, New York County, February 1, 1967.

*Milton Gerber* for defendant. *J. Lee Rankin, Corporation Counsel* (*James H. Levy* of counsel), for plaintiff.

HAROLD BIRNS, J. This is a motion by the defendant for summary judgment.

Plaintiff brings this action under sections 101 and 104 of the Social Welfare Law to recover the costs of hospital services rendered to movant's adult son from January 7, 1964 to February 17, 1964.

During the period said services were rendered, subdivision 1 of section 101 of the Social Welfare Law provided: '' Liability of relatives to support.—1. The husband, wife, father, mother, grandparent or child of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person. ''

By section 18 of chapter 256 of the Laws of 1966, effective April 30, 1966, the Legislature amended this section, by changing and deleting language, thereby relieving parents of adult

children from the liability theretofore imposed. That amendment reads, as far as is applicable, "101. Liability of relatives to support.—1. The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person, provided that a parent shall be responsible *only* for the support of a minor child." (Italics added.)

Defendant contends that the amendment should be construed as having retroactive effect, thus nullifying the claim for payment asserted by plaintiff.

Absent express language to the contrary, statutes are to be construed prospectively and without retroactive effect (McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 52, 53; *Saltser & Weinsier, Inc.* v. *McGoldrick*, 295 N. Y. 499, 504). Defendant has been unable to establish clear legislative intent to make this amendment retroactive.

In addition, it is apparent that the amendment to section 101 was designed to coincide with enactment of Medicare and Medicaid legislation, and that the Legislature relied on said Medicare and Medicaid to provide the funds which would allow the city to absorb the costs of care, such as that rendered to movant's son, without the necessity of seeking reimbursement from legally obligated relatives. (See Message and Memorandum of Governor Nelson A. Rockefeller to Legislature, April 27, 1966.)

This court finds that the amendment to section 101 was not intended to have and in fact has no retroactive applicability.

For all the reasons stated above, the motion for summary judgment is denied.