HARRY HECHT, Plaintiff, *v.* PETER J. WHALEN, as Committee of the Estate of ANGELINA ROBINSON (ANGELINE ROBINSON), ANGELINA G. ROBINSON, an Incompetent, Defendant.

Supreme Court, Special Term, New York County, January 15, 1940.

*Oscar D. Thees,* for the plaintiff.

*Jerrolde Lloyd May,* for Peter J. Whalen, as committee for the incompetent.

*Isaac N. Jacobson,* special guardian for the incompetent.

VALENTE, J.   This is a motion under rule 106 of the Rules of Civil Practice to dismiss the complaint against the estate of an incompetent.   The motion is pressed by the committee and joined in by the special guardian appointed.

The incompetent is the designated beneficiary under the death benefits allowable to a teacher of the city of New York from the funds of the retirement system.   Such death benefits are payable to designees of teachers who die prior to retirement.   These benefits consist of the accumulated deductions from the teacher's salary, with interest, together with a fraction or multiple of the annual salary, depending upon the teacher's length of service.   The teacher died November 13, 1937.   She had duly designated her mother, the present incompetent, as the recipient of her death benefit policy.   On December 1, 1937, the mother assigned her interest by an instrument in writing to plaintiff Harry Hecht, the husband of the deceased teacher.

The money was obtained by the incompetent in January or February, 1938, the total sum being $6,556.89. In August, 1938, the beneficiary was adjudged an incompetent, and on December 23, 1938, defendant Whalen was appointed committee. Plaintiff demanded the money from his mother-in-law prior to the declaration of incompetence, but no part was paid to him. He has brought this action by leave of the court, and a special guardian has been appointed to accept service and protect the interests of the incompetent.

The ground of the motion is that the benefit payable to the designated beneficiary was non-assignable under the specific language of the statute (Greater New York Charter, § 1092, subd. w), which reads: " The right of a person to a pension, an annuity or a retirement allowance, to the return of contributions, the pension, annuity or retirement allowance itself, any optional benefit, any other right accrued or accruing to any person under the provisions of this act, and the moneys in the various funds created under this act, are hereby exempt from any State or municipal tax, and exempt from levy and sale, garnishment, attachment or any other process whatsoever, and shall be unassignable except as in this act specifically otherwise provided."

The same language, with a slight and immaterial change, is found in section B20–48.0 of the Administrative Code of the City of New York.

In *Matter of Distefano* (167 Misc. 678) the court held that the purpose of the statute was to immunize pension funds from the claims of creditors not only if paid to the employees or pensioners themselves, but also if they reach the hands of the representative of the estate of the deceased member of the system. The case, however, involved only execution for debt or involuntary seizure, not a voluntary assignment.

The bar against assignments of certain rights generally is not unknown in law. Thus, rights to personal services are non-assignable. Nonetheless, the monetary claims for personal services already rendered are assignable because they represent a claim for an actual debt. But even debts which have accrued are sometimes made non-assignable by statute. Thus, under the laws of the United States assignment of claims upon the United States are very largely restricted, and unless they are executed in a certain manner and after a warrant for the payment of the claim has been issued, they are void. (U. S. Code, tit. 31, § 203.) And under section 129 of title 38 of the United States Code an assignment of a pension is not only declared void but it is made a misdemeanor to secure such an assignment.

The language of the Charter and the Administrative Code is not so drastic. It is conceded by plaintiff that an assignment by the beneficiary during the life of the member would be void. Is this also true after the latter's death, when the right in the beneficiary has become vested? The use of the phrase " accrued or accruing " would seem to indicate that it applies to his right both when it is inchoate and when it is consummate. It might be argued in support of an assignee that there is little difference between directing the money to be paid over to a third person prior to its receipt after irrevocable accrual and the receipt by the beneficiary directly, followed by a turnover to the assignee. One difference is the protection of the government agency against double claims, which is the motive of the Federal statute (U. S. Code, tit. 31, § 203). Here, however, no claim is made in the complaint against the city, although the facts as alleged in plaintiff's brief, though not technically eligible to be considered, might indicate that payment by the city was with notice of plaintiff's right as assignee.

But even if such an assignment had been dishonored with knowledge of its existence by the system, the assignment would have to be considered void. The prohibition of voluntary assignment in the statute springs from the same motive as the bar of attachment and execution. The opportunities for fraud by the purchase by an assignee of the beneficiary's accrued right at a large discount, and by other means, are easily discernible. The design of the law is to protect the beneficiary as well as the member from the results of his own improvidence. Such improvidence may adhere to both a voluntary assignment and to a previous debt, the non-payment of which may subject the beneficiary or person to execution, garnishment or attachment. After the death benefit is actually paid over the legal and moral responsibility of the system ceases. But until that time it guards the beneficiary from the penalties of his own improvidence or of imposition by the designing and unscrupulous.

The complaint is rather vague as to the method by which the incompetent, while presumably still competent, obtained the money, notwithstanding the assignment. Reference is made to paragraph fifth of the complaint. But even in its omissions the complaint reveals a situation which gives strong support to the beneficient purposes of the statute as here interpreted. It would be fruitless to permit plaintiff to amend so as to make the vague allegations more definite. The result would still be a reliance upon an assignment which is void.

The motion to dismiss the complaint is granted. Settle order.