Harold R. Soden, J.
Plaintiff moves for summary judgment in lieu of a complaint pursuant to CPLR 3213 against the defendant for any sum or sums of money due Kenneth Crowley, deceased, and now held by the defendant.
The facts are undisputed. The motion submitted involves a matter of law.
It appears that one Kenneth Crowley died April 30, 1968 while a member of the New York State Employees’ Retirement System. Certain moneys are being held by the defendant to this member’s credit. One Ethel Crowley, a prior wife of the deceased, was granted a divorce on June 15, 1950 in the City of Oswego, New York. The judgment was interlocutory and' provided that it would become final as a matter of course three months after the entry and filing thereof. The judgment was filed and entered in the Onondaga County Clerk’s office on *789 June 19, 1950. The plaintiff and Kenneth Crowley were married in the City of Syracuse, New York, on October 3, 1950, and of said union there was born a daughter, Gayle Anne Crowley, age 11, and a son, Kenneth Martin Crowley, age 2. Ethel Crowley is now remarried to a man named Murphy. There were no children born of the first marriage.
On August 9,1968, Ethel Crowley Murphy, presently residing at 413 McCool, East Syracuse, New York, who acknowledges that she was the former wife of Kenneth Crowley who died April 30, 1968, a member of the New York State Employees’ Retirement System, registration No. 341501, assigned all her rights as the named beneficiary of Kenneth Crowley, deceased, unto the plaintiff. The assignment was signed and acknowledged on September 20, 1968. This assignment was presented to the defendant and a demand made for moneys due on account of the death of Kenneth Crowley. The State refuses to recognize the assignment and pay any moneys due on account of the death of Kenneth Crowley unto his widow, the plaintiff herein.
Subdivision c of section 60 of the Retirement and Social Security Law provides as follows: “ c. The ordinary death benefit and the reserve-for-increased-take-home-pay shall be paid to the member’s estate or to such person as he shall have nominated to receive such ordinary death benefit. To be effective, such a nomination must be in the form of a written designation duly acknowledged and filed with the comptroller for this specific purpose. In the event such a designated beneficiary does not survive him, or if he shall not have so designated a beneficiary, such benefit shall be payable to the deceased member’s estate or as provided in section one thousand three hundred ten of the surrogate’s court procedure act.”
Section 110 of the Retirement and Social Security Law provides as follows:
“ The right of a person to a pension, a pension-providing-for-increased-take-home-pay, an annuity or a retirement allowance, to the return of contributions, the pension, the pension-providing-for-increased-take-home-pay, annuity, or retirement allowance itself, any optional benefit, any other right accrued or accruing to any person under the provisions of this article and the monies in the various funds continued under this article:
“ 1. Are hereby exempt from any state or municipal tax, except the estate tax, and
“2. Shall not be subject to execution, garnishment, attachment, or any other process whatsoever, and
*790 “ 3. Shall be unassignable, except as in this article specifically provided.”
The State takes the position that pursuant to these statutory provisions it may not lawfully honor the assignment.
It is apparent that the Legislature of the State of New York desired to relieve the Retirement System of the vast administrative work that would be necessary if the State honored executions, garnishees, attachments or any other process including assignments. The question arises as to whether or not the statute law prohibiting assignments of member accounts was meant to include an assignment by a named beneficiary following the death of a member.
The Legislature by prohibiting assignments generally has sought not only to protect named beneficiaries but also to protect the members’ future security (fund) from being improvidently dissipated by the member or others. (Matter of Sand v. Beach, 270 N. Y. 281.) The assignment herein for the benefit of the wife and children is consonant with the spirit of the rule and in effect supports its purpose. The assignment does not invade the fund or tend to diminish it during the lifetime of the member. It merely transfers title of the fund in toto following the member’s death by a named beneficiary to the widow and children of the deceased member. The prohibition against assignments is subject to this qualification to effect the purpose and intent of the law. (Matter of Knauth, 12 N Y 2d 259, 263.)
The court is duly bound to so interpret statutes to avoid hardship and injustice. (Saltser & Weinsier v. McGoldrick, 295 N. Y. 499; Matter of Carns [Ralph], 181 Misc. 1047; United Dye Works v. Scifo, 190 Misc. 959.)
Summary judgment is granted, and the State Comptroller is hereby ordered to honor the assignment herein and pay the plaintiff, widow of the deceased member, Kenneth Crowley, all moneys of any nature held by defendant to his credit.