Argued October 23, 1978, affirmed January 15, 1979

# In the Matter of the Estate of Marvin Everett Vaughn, Deceased

## ANDERSON et al, *Respondents,*

### *v.*

## DEPARTMENT OF JUSTICE, SUPPORT ENFORCEMENT DIVISION, *Appellant.*

### (No. 76-212, CA 10597)

588 P2d 1295

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

F. William Honsowetz, Eugene, argued the cause for respondent Homemakers Finance and Real Estate Loans. With him on the brief was Gardner, Honsowetz & Johnson, Eugene.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This case involves the validity and priority of assignments of the proceeds from the estate of Marvin Vaughn. The dispositive issue is the validity of a purported assignment made by Thomas Vaughn, an heir of the estate, to the Department of Human Resources (state). The case was tried on stipulated facts contained in an affidavit of the personal representative of the estate, an order of the Circuit Court of Coos County and a written assignment from Thomas C. Vaughn to Homemaker's Finance and Real Estate Loans. (Homemaker's). No other evidence was presented.

On June 6, 1977, Thomas C. Vaughn appeared in Coos County Circuit Court to show cause why he should not be held in contempt of court for failure to pay child support. The stipulated facts state:

> "Further, that the said Thomas C. Vaughn on June 6, 1977, in open court * * *, did agree to pay his child support arrearages due Betty Jean Vaughn, through the Department of Human Resources * * * out of his inheritance from the above estate."

The court issued an order adjudging Thomas C. Vaughn was not in contempt. The order provided, in pertinent part:

> "That the Defendant [Thomas Vaughn] is a beneficiary of the Estate of Marvin Everett Vaughn * * * and that the Defendant herein has verbally ordered the Personal Representative of that Estate to pay his child support arrearage out of his inheritance from that Estate * * *
>
> "BE IT FURTHER acknowledged that the Personal Representative of the Estate of Marvin Everett Vaughn, Robert H. Anderson, and any successor thereto, is under order of Thomas Carl Vaughn, made in open Court on June 6, 1977, to pay to Betty Jean Vaughn through the Department of Human Resources, * * * the child support arrearage due and owing at the time of the distribution of said Estate's assets. Said payments to be taken from the inheritance due said Thomas Carl Vaughn."

The order was dated August 5, 1977.

On June 15, 1977, Thomas C. Vaughn executed a written assignment of his interest in the estate not to exceed $4,645 to Homemaker's. The validity of this assignment is conceded by the state. A copy of the assignment was sent to the personal representative. Thomas Vaughn's inheritance was valued at approximately $4,000.

The personal representative sought an order in this proceeding to determine which of the assignments he should honor; the written assignment to Homemaker's or the purported oral assignment to the state. The court ruled that Thomas Vaughn did not make an assignment to the state for the child support.

Vaughn held an assignable interest in the distributive share of the estate funds because his right thereto had vested under ORS 114.215(1)(a). An assignment may be oral or written and no special form is necessary provided that the transfer is clearly intended as a present assignment of the interest held by assignor. Assignments are generally given priority according to when they were granted. *Meier v. Hess,* 23 Or 599, 603, 32 P 755 (1893). If only a part of the funds due to assignor is transferred, it may nevertheless be enforced as an equitable assignment. *McDaniel v. Maxwell,* 21 Or 202, 205, 27 P 952, 28 AS 740 (1891).

The issue in this case is whether at the contempt hearing it was Vaughn's intention to presently assign his interest in his father's estate to the Department of Human Resources, or to merely agree to transfer the funds to them sometime in the future. The latter being an executory agreement would not take priority over a subsequent valid assignment.

The general rules of evidence applicable to civil actions pertain to assignment cases, and the party asserting such a transfer has the burden of proving it. 6 Am Jur 2d Assignments § 136 (1963). Homemaker's established the assignment to it by offering the written document executed by Vaughn. Its validity is not at issue. The appellant introduced the Coos County

Court order. The trial judge in his memorandum found that appellant had failed to carry its burden of proving an assignment to it and stated:

> "The evidence does not appear sufficient to accurately characterize what occurred in the Coos County Circuit Court. The copy of the 'Order re Contempt' made by that Court on August 5, 1977, does not show Vaughn's statement to be more than an averment or recitation. It does not appear to have resulted in a so-called consent order. * * *"

■ The question of the party's intent is to be gleaned from the language used. Nowhere in the record is it stated what Vaughn actually said at the Coos County hearing and we are not permitted to speculate as to what was said merely from the conclusory characterization in the Coos County order. *c.f., State v. Warner,* 284 Or 147, 159, 585 P2d 681 (1978).

We decline to disturb the trial court's findings.

Affirmed.