Ilona TARAY, Individually and as Administratrix of the Estate of Otto Taray, a/k/a Otto Tatrai, Plaintiff,

v.

Stephen MOLDOVANYI, Defendant.

No. 78 C 2607.

United States District Court, E. D. New York.

Oct. 19, 1979.

Choate, Doman, Moore & Hahn, New York City, for plaintiff; by Nicholas R. Doman, New York City.

Cullen & Dykman, Brooklyn, N.Y., for defendant; by Hugh M. Turk, Brooklyn, N.Y.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff in this diversity action seeks to recover approximately $31,000 in pension and death benefits paid to defendant by the New York Teachers' Retirement System ("Retirement System") upon the death of plaintiff's husband, Otto Taray. The undisputed facts disclose that in 1963 Taray, before his marriage to plaintiff, had designated defendant his beneficiary of certain pension and death benefits due him under the Retirement System. Although there is some indication in the record that Taray intended to change his beneficiary designation after his marriage to plaintiff in 1973, he failed to do so. Thus, upon his death, plaintiff, his widow, learned from a letter sent by the Retirement System, and addressed to defendant at Taray's residence, that defendant was the named beneficiary of Taray's benefits.

Thereafter, plaintiff retained an attorney who located defendant and arranged a meeting with him on May 27, 1977, at which defendant, who was not then represented by an attorney, signed an assignment of his "right, title and interest to any and all benefits or proceeds of the said [Retirement System] Plan" and executed a power of attorney giving plaintiff the authority to collect any funds due him from the Retirement System. According to plaintiff's affidavits, defendant initially acknowledged plaintiff's right to the benefits and suggested he intended to ensure that she receive the funds. Apparently, defendant had not seen or spoken with Otto Taray for at least ten years and was candidly surprised that he was named beneficiary.

Armed with the assignment and power of attorney, plaintiff applied to the Retirement System for payment of the pension benefits on May 31, 1977. By letter dated June 9, 1977, the Retirement System rejected plaintiff's application on the ground that such an assignment was invalid as against the public policy announced in New York Education Law § 524 which prohibits assignment of Retirement System benefits. Later, defendant revoked the power of attorney, disavowed the assignment and collected the pension funds himself. This action based on breach of assignment, conversion, and money had and received followed.

The action is now before the court on defendant's motion for summary judgment dismissing the complaint pursuant to Rule 56, F.R.Civ.P. In determining whether to grant a properly supported motion for summary judgment the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272, 279 (2 Cir. 1967), *quoted in Securities Exchange Commission v. Research Automation Corp.*, 585 F.2d 31 (2 Cir. 1978). It must, moreover, accept as true factual statements in plaintiff's opposing affidavits, draw all permissible inferences in her favor, *Hill v. A–T–O, Inc.*, 535 F.2d 1349 (2 Cir. 1976), and resolve any doubts in favor of the party opposing the motion, *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., supra.* Finally, it is incumbent upon the movant in the first instance to demonstrate that "no genuine issue as to any material fact" exists, and that he would be in effect entitled to a directed verdict should his opponent fail "at least to specify some opposing evidence which it can adduce and which will change the result." *Radio City Music Hall Corp. v. United States*, 135 F.2d 715, 718 (2 Cir. 1943), *followed in Donnelly v. Guion*, 467 F.2d 290 (2 Cir. 1972). See *Adickes v. Kress & Co.*, 398 U.S. 144, 157–61, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Defendant contends that the assignment was invalid as a matter of law pursuant to Education Law § 524, which provides in relevant part that:

> "The right of a teacher to a pension, an annuity or a retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of this article, and the moneys in the various funds created hereunder . . . shall be unassignable . . . ."

The language of the statute appears clear and according to defendant explicitly supports his claim that the assignment is invalid.

■ A fundamental canon of statutory interpretation, however, requires significant resort to and reliance on the legislative intent and public policy underlying the particular statute. See *Gaden v. Gaden*, 29 N.Y.2d 80, 323 N.Y.S.2d 955, 272 N.E.2d 471 (1971). The parties appear to agree in one respect: that "[t]he exemption and antiassignment provisions evince a legislative intent to protect the member and his family from the results of his own improvidence or misfortune . . . ." *Caravaggio v. Retirement Bd.*, 36 N.Y.2d 348, 353, 368 N.Y.S.2d 475, 481, 329 N.E.2d 165, 169 (1975). They differ over the extent to which the statute affords protection to one in defendant's position.

Defendant asserts that the *Caravaggio* court's inclusion of the words "or other objects of the member's bounty" when discussing the purpose of the antiassignment provision suggests the court must have included him within the statute's reach and found the clause to be for all practical purposes absolute as to *any* beneficiary. While defendant does not contest the right of a Retirement System member to change beneficiaries, see *Caravaggio v. Retirement Bd., supra*, his position is that once Otto Taray died his designation as Taray's beneficiary under the Retirement System irrebuttably established that he was the object of the member's bounty entitled to protection against his own improvidence in executing an assignment. Thus, he suggests a

designated beneficiary, irrespective of potential or actual changes in circumstances, is absolutely protected by the non-assignability clause in § 524.

■ Since a court is duty bound to interpret statutes to avoid hardship and injustice, *Salster & Weinsier v. McGoldrick*, 295 N.Y. 499, 68 N.E.2d 508 (1946), the court finds defendant's restrictive interpretation of the statute unsupported by the law or equitable considerations.

In *Crowley v. New York State Retirement System*, 58 Misc.2d 788, 296 N.Y.S.2d 616 (Sup.Ct.Albany Cty.1969), the first wife of the deceased member was designated the beneficiary of his pension rights. Upon his death, she assigned all of her rights under the Retirement System to his second wife and widow. The widow's claim for the benefits was refused by the Retirement System pursuant to a provision of New York Retirement and Social Security Law § 110, which for purposes of this motion is identical to § 524. The court directed payment to the second wife, stating that:

> "The Legislature by prohibiting assignments generally has sought not only to protect named beneficiaries but also to protect the members' future security (fund) from being improvidently dissipated by the member or others. . . . The assignment herein for the benefit of the wife and children is consonant with the spirit of the rule and in effect supports its purpose. The assignment does not invade the fund or tend to diminish it during the lifetime of the member. It merely transfers title of the fund in toto following the member's death by a *named beneficiary* to the widow and children of the deceased member. The prohibition against assignments is subject to this qualification to effect the purpose and intent of the law." 58 Misc.2d 788, 296 N.Y.S.2d at 618–19 (emphasis in original; citation omitted).

Although defendant rather weakly contends that *Crowley* is distinguishable, apparently on the ground that there the named beneficiary did not contest either plaintiff's right to the benefits or the validi-

ty of the assignment, this consideration bears not on the nature of the non-assignment clause but on defendant's defense of fraudulent misrepresentation in the execution of the assignment and power of attorney. *Crowley*, which recognizes that exceptions to an absolute prohibition against assignment to effect the purpose and intent of the law are appropriate in certain circumstances, is compelling and, in the court's view, dispositive of defendant's motion for summary judgment.

Defendant's reliance on *Caravaggio v. Retirement Bd., supra,* and *Hecht v. Whalen,* 174 Misc. 146, 18 N.Y.S.2d 488 (Sup.Ct. N.Y.Cty.1940), is misplaced. In *Caravaggio,* plaintiff claimed benefits under the Retirement System as an allegedly irrevocably designated beneficiary under a separation agreement made with the decedent prior to their divorce. She contended the member was precluded by the separation agreement from changing beneficiaries. After reviewing the public policy and historical purposes underlying the pensioning of civil employees in the Retirement System scheme among others, the court concluded that the right to change designations is absolute. A contrary conclusion would permit a bargaining away of benefits in contravention of the policy underlying the system and, most importantly, would negate the power "to make sure that with a change of circumstances the designation may be adapted to the change." 36 N.Y.2d at 354, 368 N.Y. S.2d at 481, 329 N.E.2d at 169. Thus, the court clearly recognized the possibility that changes in circumstances and the need to provide for someone other than one originally named beneficiary requires a certain degree of flexibility to meet the purposes underlying the statutory scheme.

▇ Although it is true as defendant suggests that Otto Taray could have changed his beneficiary and met changed circumstances had he so desired, his failure or oversight in doing so, while perhaps some evidence that he did not intend to change his beneficiary (contrary to assertions contained in plaintiff's affidavits), is not fatal to plaintiff's claim. Here, defendant executed an assignment purporting to give certain rights to Otto Taray's wife and widow. This assignment, as in *Crowley, supra,* which was cited with apparent approval in *Caravaggio,* is entirely consistent with the legislative intent underlying the statute and can be given effect should it be proved valid and binding.

In *Hecht, supra,* the court ruled that an assignment by the beneficiary, the deceased member's mother, to the member's widower was invalid under the statute. In finding in favor of the mother, the court noted the legislative intent to protect a member's family and decided on the facts of the case that the intent was breached by the assignment to the member's husband. In contrast, plaintiff here is the widow of Otto Taray. She located the named beneficiary, apparently an old friend of her husband's who had not seen him for over ten years, and obtained an assignment from him. The language of the assignment is clear to the extent that defendant was to relinquish certain rights and benefits under the Retirement System to which he had been designated beneficiary. In these circumstances, neither *Caravaggio* nor *Hecht* supports defendant's position, or bars plaintiff from proceeding on her claim that the assignment is valid and binding on defendant. We reach this conclusion, of course, without expressing any view on the validity of the assignment.

Accordingly, defendant's motion for summary judgment is denied.

SO ORDERED.