**Decided   August   28,   1981**

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

MARIANA ISLANDS AIRPORT AUTHORITY, )    CV NO. 80-0044
                                    )
                    Plaintiff,      )
                                    )
        vs.                         )    MEMORANDUM DECISION
                                    )
THE RALPH M. PARSONS COMPANY,       )
et al.,                             )
                                    )
                    Defendants.     )
_____)

MEMORANDUM DECISION

On August 14, 1981 the Court heard defendant Black Micro
Corporation's motion for summary judgment. The Court has
carefully considered the record and the arguments of counsel.
For the reasons stated below the Court denies the motion.

FACTS

On approximately December 18, 1974, defendant Black Micro

Corporation contracted with the Trust Territory of the Pacific
Islands (T.T.) to construct airport terminal facilities on
Saipan. At the time the T.T. held title to the airport land
and to existing terminal building.

In 1975 the T.T. Congress of Micronesia enacted Public
Law 6-58. Section 4 of that statute created plaintiff Mariana
Islands Airport Authority (M.I.A.A.) as a public corporation
of the T.T. government. Section 26(1) empowered the govern-
ments of either the T.T. or the T.T. Mariana Islands District

182

to "dedicate, sell, convey, or lease any of its interest in any real or personal properties, rights, or privileges" to the M.I.A.A. Section 38 provided for the ultimate disposition of the airport facilities being constructed pursuant to the 1974 contract:

> . . . Upon completion of each phase of contruction of the public airport facilities at Isley Field, Saipan, the Trust Territory or other government of the Mariana Islands District then existing, shall turn over to the Authority all title, right, and interest to such completed facilities.

On April 1, 1976, Secretary of Interior Order No. 2989 re-structured the government of. the T.T. Mariana Islands District. Part VII, Section 1 of the Order transferred title to public lands within the District from the T.T. to the District's resident commissioner. The airport property was among the public lands thus transferred.

On or about July 31, 1976, the new airport terminal facilities were completed.

As mandated by section 38 of Public Law 6-58, on September 14, 1977 the Mariana Islands District conveyed to the M.I.A.A. all of its right, title, and interest in and to the airport, the terminal facilities, and other improvements on the airport property.

On November 26, 1980, the M.I.A.A. filed this action. It

alleged that Black Micro negligently constructed the terminal facilities and breached warranties in the 1974 contract. Citing the 1977 conveyance from the Marianas District, it averred that it had succeeded to all of the T.T.'s rights with respect to the terminal buildings.

Black Micro moved for summary judgment on two grounds. First, it argued that 6 T.T.C. § 303(4) bars the M.I.A.A.'s negligence claim. Second, it contended that the M.I.A.A., as a non-party to the contract, may not sue for breaches of warranty.

The M.I.A.A. states that its negligence cause is not time-barred because the six-year limitations period of 6 T.T.C. § 305 applies to that claim. It also asserts that it may enforce the contract warranties because it is the T.T.'s assignee. The M.I.A.A.'s brief in opposition to the summary judgment motion includes the affidavit of the T.T. Acting High Commissioner. That affidavit states that the T.T. has already assigned or conveyed its rights under the 1974 contract to the M.I.A.A.

## I.
### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment lies only where there is no genuine issue of material fact and movant is therefore entitled to judgment as a matter of law. U.S. v. First Nat. Bk. of Circle, No. 79-4739, slip op. p 3872, _____ F.2d _____ (9th Cir. Aug. 7, 1981). Courts liberally construe the pleadings and other record evidence in the light most favorable to the party opposing the motion. Palmer v. Roosevelt Lake Log Owners' Assoc., No. 79-4307, slip op. p 3670, _____ F.2d _____ (9th Cir. July 27, 1981). In addition, facts stated in affidavits opposing a summary judgment motion must be accepted as true. Taray v. Moldovanyi, 478 F.Supp. 1120, 1121 (E.D.N.Y. 1979).

## II.
### NEGLIGENCE CLAIM

6 T.T.C. § 303(4) establishes a two-year limitations period for bringing "actions for injury to or for the death of one caused by the wrongful act or neglect of another." 6 T.T.C. § 305 provides that:

184

> All actions other than those covered
> in the preceding sections of this
> chapter shall be commenced within
> six years . . .

The question is which of these statutes applies. If the former applies, the action is time-barred. If the latter applies, the action is timely.

The Court concludes that § 305 applies because M.I.A.A.' claims are not the types of actions described in § 303(4). Section 303(4) refers only to actions for injury to or for the death of "one" caused by "another." Neither the legislative history nor prior judicial construction specifically defines the words "one" and "another". Therefore the Court must determine the meaning of the language as a matter of first impression. The term "death" in § 303(4) signifies the termination of life, which in turn connotes a reference to human beings. This reference reflects upon the other operative language in the statute because words grouped together derive meaning from one another. Board of Ed. of City Sch. Dist. Etc. v. Harris, 622 F.2d 599, 609 (2d Cir. 1979). Accordingly the words "one" and "another" are most reasonably construed to refer solely to human beings. Guided by that interpretation, the Court holds that § 303(4) applies only to personal injury and to wrongful death actions.[1] Since M.I.A.A.'s suit is neither for personal injuries nor for wrongful death, § 305 governs, and the action is timely.

- - - - - - - - - -

[1] Butirang v. Uchel, 3 T.T.R. 382 (H.Ct.Tr.Dv. 1967) does not alter this conclusion. The Butirang court ruled that under § 317, the predecessor of § 303(4), plaintiff's personal injuries suit was time-barred. That holding is the only law of the case. In dictum the court characterized § 317 as the limitations statute for personal injury actions. Id. at 383-384. It also suggested that the statute applied to all tort actions. Id. at pp. 384, 387. The precise issue of what actions fall within § 317 was neither presented nor decided.

## BREACH OF WARRANTY CLAIMS

Whether the M.I.A.A. may enforce the warranties in the 1974 contract depends upon whether the T.T., through the Mariana Islands District, assigned its rights under the contract to the M.I.A.A. If an assignment occurred, the M.I.A.A. succeeds to all of the T.T.'s rights. U.S. v. Currency, 609 F.2d 210, 214 (5th Cir. 1980), reh. denied 612 F.2d 579 (5th Cir. 1980). If there was no assignment, the absence of contractual privity with Black Micro may be fatal to the M.I.A.A.'s warranty claims. The question on summary judgment is whether there is a genuine issue of material fact relevant to the execution of an assignment. In order to answer that question, it is first necessary to identify the applicable substantive law on assignments.

### a. Applicable Law

Under § 505 of the Covenant,[2] Trust Territory law remains in force as Northern Marianas law until subsequently altered. Section 103 of title 1 of the Trust Territory Code states in part that in the absence of statute:

> The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute and, to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts . . .

Because § 103 has not been superceded, the Restatement of Contracts provides the law which primarily applies here.

- - - - - - - - - -

[2] 48 U.S.C. § 1681, note.

Section 149(1) of the Restatement defines an assignment as:

> . . . a <u>manifestation</u> to another person by the owner of (a) right <u>indicating</u> his <u>intention to transfer</u>, without further action or manifestation of intention, the right to such other person . . . (emphasis added)

There is no required form or language in which an assignment must be made; the pivotal factual issue is whether the assignor manifested an intent to presently transfer to the assignee all control, interest, and rights concerning the subject matter. <u>Miller v. Wells Fargo Bank Int. Corp.</u>, 406 F.Supp. 452, 473 (S.D.N.Y. 1975), <u>aff'd.</u> 540 F.2d 548, 557-558 (2d Cir. 1976); accord <u>Hanes v. Crown Camera Sales Inc.</u>, 468 F.2d 1318, 1320 (5th Cir. 1966); <u>In re Sutphin & Vaughn Construction Co.</u>, 304 F.Supp. 1296, 1299 (W.D.Va. 1969); <u>Matter of Vaughn's Estate</u>, 38 Or.App. 29, 588 P.2d 1295, 1297 (Or.App. 1979). On summary judgment the question thus becomes whether a genuine dispute exists concerning the alleged assignor's intent.

## b. <u>Discussion</u>

Viewed in the light most favorable to the M.I.A.A., the record discloses a concrete and genuine dispute as to whether the T.T., through the Marianas District, intended to assign its contractual rights to the M.I.A.A. The existence of that dispute precludes a summary judgment order. The Court so concludes for two reasons. First, the dispute is evident on the face of the pleadings. Paragraph ten of the complaint states that the Marianas District government "conveyed" to the M.I.A.A. "all of its right, title.

and interest in and to the Airport and improvements thereon, including but not limited to the terminal buildings." Construed in the M.I.A.A.'s favor, the "conveyance" averments in effect allege an assignment of contractual rights.[3] Since Black Micro's answer denies these allegations, a dispute exists. Second, the affidavit accompanying the M.I.A.A.'s opposition brief indicates that the T.T. intended its "conveyance" to operate as an assignment of contractual rights. As noted above, on summary judgment the Court must accept the affidavit's statements as true. Taray v. Moldovanyi, supra. At oral argument Black Micro denied the truth of those statements. The result is a clear dispute on the material factual issue of intent. Both in contract-related litigation[4] and in other actions,[5] questions of intent are factual questions which are particularly inappropriate for summary judgment. Accordingly the Court denies Black Micro's motion.

- - - - - - - - - - -

[3] Black Micro points out the declaration in F.D.I.C. v. Barness, 484 F.Supp. 1134, 1150 (E.D.Pa. 1980) that an assignee of contractual rights must plead and prove ownership of the underlying claim. That declaration is correct insofar as it affirms that an assignee need only allege facts demonstrating ownership. Barness did not hold that one must talismanically recite the word "assignment". In any event the Barness statement was dictum. Moreover, the court was applying state, rather than federal, procedural rules. Id. at 1141, 1152.

[4] People's Outfitting Co. v. G.E. Credit Corp., 549 F.2d 42, 45-46 (7th Cir. 1977); Fitzsimmons v. Best, 528 F.2d 692, 694 (7th Cir. 1976); see Garter-Bare Co. v. Muningswear Inc., 622 F.2d 416, 420 (9th Cir. 1980).

[5] See, e.g., Program Engineering v. Triangle Publications, 634 F.2d 1188, 1192 (9th Cir. 1980); Prochaska v. Marcoux, 632 F.2d 848, 851 (9th Cir. 1980), cert. denied 101 S.Ct. _____; 49 USLW 3862 (1981).

An appropriate ORDER will be entered.

DATED: Saipan, Northern Mariana Islands this _____ day of _____, 1981.

_____
ALFRED LAURETA
U.S. District Judge