**James CARTER, doing business as Carter Aircraft Co., Plaintiff,**

**v.**

**Robert M. RUPRACHT, Jr., Defendant.**

**No. CIV–R–80–188–ECR.**

United States District Court, D. Nevada.

Dec. 23, 1981.

James Carter, in pro. per.

C. James Georgeson, and Erickson, Thorpe, Swainston & Cobb, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

The plaintiff James Carter filed this civil rights complaint pursuant to 42 U.S.C. § 1983 in August 1980. Defendant Robert M. Rupracht moved for summary judgment under Rule 56 or in the alternative for judgment on the pleadings under Rule 12 Fed.R.Civ.P. in April 1981. Upon the plaintiff's failure to respond to defendant's motion, summary judgment in favor of the defendant was granted by this Court's minute order dated July 29, 1979.

The plaintiff subsequently filed a pleading which the Court has treated as a motion for reconsideration. A hearing on plaintiff's motion was held before the Court on December 14, 1981. Both sides were represented at the hearing and argued the merits of the motion for summary judgment, as well as the motion for reconsideration. In light of the following and after careful consideration, the Court finds that the plaintiff's motion for reconsideration should be denied and that the summary judgment earlier entered in favor of defendant Rupracht should stand.

The gravamen of the plaintiff's pro se civil rights complaint is that his "constitutional rights were violated" by defendant Rupracht, a Justice of the Peace in Yerington, Nevada. With one exception the alleged unlawful conduct by Rupracht arose during a hearing in the justice court or chambers of the defendant wherein it is alleged perjured testimony was admitted, witnesses were not placed under oath, applicable law was not applied and plaintiff was denied "an appeal or a new hearing." The subject of this hearing was apparently the right to possession of certain real property claimed to be subject to a lease agreement.

The only act of defendant alleged by the plaintiff, which apparently did not occur at or during the justice court hearing, is that at a different time and place defendant Rupracht made threats of harm to plaintiff "if he did not get in line" and threatened to have plaintiff's dog killed unless "he stopped causing all of the problems to the City."

The grounds proffered by defendant in support of his earlier motion for summary judgment were that the complaint fails to state a cause of action and that no genuine triable issue of fact exists because defendant Rupracht is immune from suit in that all of his conduct alleged was performed in the course of his official function as judge and justice of the peace in Yerington, Nevada.

Recent Ninth Circuit case law subsequent to the important Supreme Court case of *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 231 (1978) clearly defines the scope and parameters of the immunity that may be accorded to state judges under § 1983. It is clear that as a judicial officer a justice of the peace is entitled to the benefit of judicial immunity.

*Gregory v. Thompson*, 500 F.2d 59 (9th Cir. 1974), *Grundstrom v. Darnell*, 531 F.2d 272 (5th Cir. 1975).

■ Under *Stump v. Sparkman, supra,* a judge does not enjoy judicial immunity if the judge's actions were either non-judicial or taken in clear absence of all jurisdiction. All of the alleged wrongful conduct on part of the defendant in this case, excepting the purported making of the above-referenced threats involved alleged procedural errors or irregularities which occurred during the subject court hearing. During oral argument plaintiff emphasized that the basis for his complaint, which avers damages in the amount of $590,000 is the manner in which the defendant conducted the subject justice court hearing.

■ As pointed out in *Beard v. Udall,* 648 F.2d 1264, 1269 (9th Cir. 1981) "[t]he fact that a judge commits 'grave procedural errors' is not sufficient to deprive a judge of absolute immunity," citing *Stump v. Sparkman, supra,* 435 U.S. at 359, 98 S.Ct. at 1106. Without belaboring the point it seems obvious that the acts of the defendant during the hearing were judicial in nature and that defendant is entitled to absolute immunity for all of the alleged conduct during the hearing. In this regard the Court also notes that no claim has been made, nor does it appear that any of defendant's conduct in relation to the hearing was in clear absence of all jurisdiction.

■ The Court is left then with determining whether, standing alone, plaintiff's bare allegation that defendant made the threats described above to plaintiff would be enough to survive the scrutiny of a summary judgment motion. In *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980) the court again quoting from *Stump* restated the two factors that should be considered in determining whether an act is "judicial", that is:

the nature of the act itself, i.e., whether it is a function normally performed by a judge, and . . . the expectations of the parties, i.e., whether they dealt with the judge in a judicial capacity.

Testimony by the plaintiff at the hearing on his motion for reconsideration was that the threats made by the defendant occurred during a visit by defendant when plaintiff was incarcerated in the jail in Yerington. Not unlike the justice of the peace in *Gregory v. Thompson*, 500 F.2d 59 (9th Cir. 1974) who was held not entitled to absolute immunity in physically removing an unwanted person from his courtroom defendant Rupracht similarly is not entitled to absolute immunity in making verbal threats to plaintiff in the county jail. Such conduct cannot be considered judicial.

■ Although defendant Rupracht has denied ever having any contact with the plaintiff outside of the hearing, for summary judgment purposes the Court must assume that such a meeting did occur and that such statements were made. *Taray v. Moldovanyi,* 478 F.Supp. 1120 (E.D.N.Y. 1979). The real question then amounts to whether the plaintiff's allegation regarding the threats made by defendant constitute a cognizable claim under 42 U.S.C. § 1983.

■ Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Thus, only two allegations are required in order to state a cause of action under that statute. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

■ Since defendant is a judicial officer there is no problem in finding that the requirement that defendant must have acted "under color of law" is met here. Although a pro se civil rights complainant's pleadings must be liberally construed, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the plaintiff here has provided little guidance to the Court as to

what right guaranteed by the Constitution or federal law may have been violated by the defendant's alleged jailhouse threat.

Plaintiff has relied instead on the broad allegation in his complaint that defendant violated his constitutional rights. If the plaintiff had claimed that defendant did cause his dog to be destroyed or alternatively perhaps that his incarceration in the Yerington jail was unlawful and/or to last only "[until he got] in line", such a different set of, or additional facts could clearly state a violation of the Fourteenth Amendment's Due Process clause. When given an opportunity to set forth additional facts under oath to support his claim at the hearing on his motion for reconsideration, plaintiff was unable to do so.

The plaintiff under these circumstances has failed to set forth any injury which is cognizable under § 1983 in that he has pointed to no constitutional guarantee which safeguards an interest he believes has been invaded. *See Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 1156, 47 L.Ed. 405 (1976). As our Supreme Court made clear in *Paul* every cognizable injury which may have been inflicted by a state official acting "under color of law" does not establish a violation of the Fourteenth Amendment. 424 U.S. at 699.

IT IS HEREBY ORDERED that defendant's motion for reconsideration be, and the same hereby is, DENIED.