Argued and submitted April 3, affirmed October 25, 1989

WITTMAYER,
*Respondent,*

*v.*

EDWARDS,
*Appellant,*
*and*

MAUGH et al,
*Respondents.*

(86-1266; CA A49768)

781 P2d 866

Donald A. Bick, Eugene, argued the cause for appellant. With him on the briefs was Bick & Monte, P.C., Eugene.

Harold D. Gillis, Eugene, argued the cause and filed the brief for respondents Maugh.

No appearance for respondent Jan Wittmayer.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

In this garnishment proceeding, appellant appeals an order granting the Maughs' (claimants) claim of exemption from garnishment. We affirm.

Many of the facts are not in dispute. Respondent Wittmayer, as personal representative of the estate of Alice Edwards, is vendor under a land sale contract (the contract) dated March 21, 1980. In May, 1988, appellant obtained a judgment against respondent for $5,500, plus costs. Appellant then served writs of garnishment on (1) L-S II, a partnership and successor to the vendee under the contract, and (2) Eugene Escrow Service, Inc. (the escrow). The answering certificate of L-S II stated that it owed $29,629.64 to respondent under the contract. The answering certificate of the escrow stated that it maintained a collection escrow for respondent for the monthly contract payments. With the answering certificate, the escrow remitted $200.02 of collected funds.[1]

Claimants then filed a claim for exemption. *See* ORS 23.168; ORS 29.142. They relied on two documents that they assert were assignments of the payments that the escrow received on the contract: (1) a letter, dated July 31, 1980, from Lofgren, respondent's predecessor as personal representative, to the escrow that instructed it to make all payments that it received under the contract to Charles L. Edwards (Edwards) "until further notice from me;" and (2) a letter, written in January, 1981,[2] from Edwards to the escrow that instructed it to send payments that it received under the contract to claimants "until such time as they and I notify you to make payment again to me or to someone else." Pursuant to the letters, the escrow, since 1980, has forwarded payments, first, to Edwards and later to claimants.[3] After a hearing, the court

---

[1] The sheriff also served a notice of sale of personal property on the parties that stated that he intended to sell at public auction:

"A debt in which [the] partnership owes $29,621.64 to [respondent] by virtue of [the contract]."

[2] The letter from Edwards is dated "January 2, 1980." Defendant does not dispute claimants' assertion, or the trial court's finding, that the letter was written in January, 1981.

[3] Each month, the vendee remitted a payment of $396.75 to the escrow. The escrow forwarded $171.73 to Benjamin Franklin Savings and Loan and $225.02 to claimants.

allowed the claim of exemption without limitation.

Appellant asserts that the court erred when, according to appellant, it ruled that the letters "constituted an assignment of future payments with respect to the contract" and when it allowed the claim of exemption. She does not dispute that, if Lofgren made an assignment, that assignment binds respondent as her successor in interest. Appellant's principal argument is that, because the letter from Lofgren to the escrow contained the words "until further notice from me," Lofgren did not intend the letter to be an assignment of the payments that the escrow received. Appellant concedes that the letter from Edwards to the escrow "appears to be more like an assignment," but asserts that Edwards could not assign greater rights to claimants than he had acquired under the Lofgren letter. The court ruled that the letters were assignments and that, because there was no evidence of "further notice" from Lofgren or Edwards, they continued to be effective.

A present and binding appropriation of an interest in a specific fund is an assignment. *Wakefield, Fries & Co. v. Parkhurst*, 84 Or 483, 486, 165 P 578 (1917); *Levins v. Stark*, 57 Or 189, 191, 110 P 980 (1910). It

"may be oral or written and no special form is necessary provided that the transfer is clearly intended as a present assignment of the interest held by the assignor." *Anderson v. Dept. of Justice*, 38 Or App 29, 32, 588 P2d 1295 (1979).

Here, the letters describe the specific fund—payments that the escrow would receive from the vendee under the contract. *See Morris v. Leach*, 82 Or 509, 511, 162 P 253 (1917). The letters instructed the escrow to make payments to third persons from that fund. Appellant does not dispute that the letters imposed that duty.[4] The escrow followed the successive instructions of Lofgren and Edwards. The court interpreted

---

[4] The record does not contain the escrow agreement between respondent's predecessor and the escrow, but the affidavit of the escrow's collection supervisor allowed the court to conclude that the escrow had this duty.

Lofgren's letter as an assignment to Edwards. It also interpreted Edwards' letter as an assignment to claimants.[5] We agree with the court's interpretations. It is not clear whether appellant also asserts that Lofgren's letter is not an assignment because it is revocable, but that assertion would be without merit. *See Restatement (Second) Contracts* § 331 (1981). Lofgren's use of the language "until further notice from me" cannot be viewed in isolation and is not by itself sufficient to negate an intention to assign. As to Edwards' letter, it instructed the escrow to make payments to claimants "until such time as they and I notify you to make the payment again to me or to someone else." Without claimants' concurrence, Edwards could not have instructed the escrow to cease making payments to claimants. The court did not err in concluding that both Lofgren and Edwards made assignments.[6]

■    Appellant also assigns as error that the court did not limit claimants' exemption to $3,800. The court did not err.[7]

Affirmed.

---

[5] This case is unlike *McCallums, Inc. v. Mountain Title Co.*, 60 Or App 693, 654 P2d 1157 (1982), where the plaintiff assignee sought to enforce an assignment against the escrow, claiming that the escrow was bound as an obligor under the assignment. We held that the escrow was not an obligor, but was "merely a depository of the funds to transmit them from the obligor (buyer) to the obligee (sellers)." 60 Or App at 697. This case is also unlike *Davidson v. Valley of the Rogue Bank,* 91 Or App 99, 754 P2d 16 (1988), where the plaintiff assignee brought an action for diversion of funds against the assignor's escrow after the assignor had instructed it not to send further proceeds to the plaintiff. The assignor then defaulted on his debt to the plaintiff. We held that, under the escrow contract, the escrow was bound to follow the instructions of the assignor. The question here is not whether Edwards, and subsequently claimants, could have held the escrow liable for payment, but whether there was an assignment of the funds that it received.

[6] Appellant also argues that, assuming that Lofgren's letter is an assignment, she still retained a right to revoke it and that that right of revocation could itself be the subject of execution. Appellant, however, makes no assignment of error based on that assertion.

[7] The court stated that it

"is made aware that the Maughs were willing to relinquish their claim for $3,800 (letter from [claimants' attorney] to [appellant's attorney] dated July 14, 1988). Also, the Court is aware that it may be the 'agreed facts' that [claimants'] exemption does not extend to the full amount of [respondent's] interest in the contract. * * * However, this is a garnishment proceeding and as the Court has ruled, the interest of the [respondent] * * * has been assigned 'until further notice.' What restrictions or conditions are applicable to the right of [respondent] to give 'further notice,' if any, are not in evidence before this Court. * * * Consequently, this Court cannot find what limit, if any, should be placed upon the exemption."